

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS, CDCR # P-54352,<br><br>                          Plaintiff,<br>vs.<br><br>NURSE RICHMOND, DR. M. BLAISDELL,<br><br>                          Defendants. | Case No.: 25-cv-1574-BAS-DDL<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION** |

    Plaintiff David D. Harris, a state prisoner proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 along with a motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1–2.)

**I.    Motion to Proceed IFP**

    All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to

1

prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)–(2); *Bruce*, 577 U.S. at 84.

Plaintiff's IFP application contains a trust fund account statement, but it is blank. (*See* ECF No. 2 at 4.) The Court cannot grant his IFP application without a trust fund account statement containing financial information for the 6-month period immediately preceding the filing of his Complaint. *See Andrews*, 398 F.3d at 1119 ("[P]risoners must demonstrate that they are not able to pay the filing fee with an affidavit and submission of their prison trust account records." (citing 28 U.S.C. § 1915(a)(1)–(2)).

The motion to proceed IFP is **DENIED** and this action is **DISMISSED** without prejudice based on Plaintiff's failure to pay the filing fee or to submit a properly supported motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a), 1915(a).

## II.    Conclusion and Order

Accordingly, the Court:

(1)    **DENIES** Plaintiff's motion to proceed IFP without prejudice.

(2)    **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the civil filing and administrative fee or to submit a properly supported motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a).

(3) **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $405 civil filing and administrative fee in full; or (b) complete and file a properly supported motion to proceed IFP that includes a certified copy of his prison trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); CivLR 3.2(b). If Plaintiff fails to either pay the $405 civil filing fee or submit a properly supported motion to proceed IFP within forty-five days, this action will remain dismissed without prejudice based solely on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.

**IT IS SO ORDERED.**

**DATED: July 11, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court