

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>NURSE RICHMOND; DR. BLAISDELL,<br><br>　　　　　　　　　Defendants. | Case No.: 25-cv-1574-BAS-DDL<br><br>**ORDER:**<br><br>　(1) **VACATING JUDGMENT AND REOPENING CASE;**<br><br>　(2) **GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>　(3) **DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

　　　On June 13, 2025, pro se Plaintiff David D. Harris, a state inmate incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2.) On July 11, 2025, the Court denied the IFP motion because it was not accompanied by a certified trust account statement. (ECF No. 3.) The Court nevertheless granted Plaintiff additional time to pay the filing fee or submit a

certified trust account statement on or before August 25, 2025. (*Id*.) On September 24, 2025, having not heard from Plaintiff, the Court dismissed the case without prejudice for failure to satisfy the filing fee requirement. (ECF Nos. 4, 5.)

On October 2, 2025, Plaintiff submitted a certified copy of his inmate trust account which the Court accepted. (ECF No. 6.) The Court thus **VACATES** the September 24, 2025, judgment and **ORDERS** the Clerk of Court to reopen the case.

In this Order, the Court first addresses Plaintiff's motion to proceed IFP. Second, the Court screens the complaint given leave to proceed IFP.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.00, consisting of a $350.00 statutory fee plus a $55.00 administrative fee, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a).

The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

Here, in support of his IFP motion, Plaintiff has submitted a copy of his California

Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and Prison Certificate attested to by a CDCR trust account official. (ECF No. 6.) The document shows he had an average monthly balance of $11.52 and average monthly deposits of $13.36, with an available balance of $4.42. (*Id.*) Thus, the Court **GRANTS** Plaintiff's motion to proceed IFP and assesses an initial partial filing fee of $2.67. However, *this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed. See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on "failure to pay . . . due to the lack of funds available to him when payment is ordered").

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state

1  a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (citation modified). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.  Allegations in the Complaint

Plaintiff alleges that on May 10, 2025, he was suffering from auditory hallucinations which caused him to be suicidal and to cut his wrist and forearm. (ECF No. 1-2.) Defendant Nurse Richmond responded 25 minutes later although her desk was located five feet from Plaintiff's cell. (*Id.*) Plaintiff alleges Nurse Richmond put a clear bandage on his arm but could have wrapped it tightly and given him pain medication but did not, and that Defendant Dr. Blaisdell could have sutured his cut at the prison but decided to transfer him to an outside hospital 30-40 minutes away. (*Id.*) Plaintiff lost a quarter pint of blood requiring a transfusion and a five-day hospital stay; he suffered extreme pain. (*Id.*) He claims that Nurse Richmond and Dr. Blaisdell were negligent and deliberately indifferent to his medical needs, and that they should have taken the incident more seriously because he still had a bandage on a 21-inch laceration from his "last episode." (*Id.*)

Plaintiff alleges that before Dr. Blaisdell sent him to the hospital he asked Nurse Richmond, "[W]as that the same Harris from A-yard?," to which Nurse Richmond responded "Yes, do you know him?," and Dr. Blaisdell replied yes, Plaintiff was one of his patients. (*Id.* at 2.) That exchange was of little importance to Plaintiff at the time, but he now suspects Dr. Blaisdell "may have delayed [medical care out] of malice," because

Plaintiff has "filed several complaints against him for malpractice for taking [Plaintiff's] pain medication away without discussing an alternative solution to [his] wellbeing." (*Id.*).

### C. Analysis

The Eighth Amendment's prohibition on the infliction of cruel and unusual punishment creates an "obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 101–03 (1976). "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, a plaintiff must allege that the prison official had a "'sufficiently culpable state of mind' . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* Thus, a prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health and safety;" he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.[1] "[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain." *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994).

Here, the complaint alleges negligence or at most a disagreement between Plaintiff and his nurse over whether his cut should have been bandaged differently, and with his treating physician over whether his cut should have been sutured at the prison rather than

---

[1] "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). Deliberate indifference can also be shown where the chosen course of medical treatment was "medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). However, allegations of inadequate medical treatment, medical malpractice, or even gross negligence by themselves do not rise to the level of an Eighth Amendment violation. *See Farmer*, 511 U.S. at 835.

the hospital. *See Colwell*, 763 F.3d at 1068 ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference."); *Toguchi*, 391 F.3d at 1058 (a disagreement over the necessity or extent of medical treatment does not show deliberate indifference); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of opinion does not amount to a deliberate indifference to [plaintiff]'s serious medical needs."); *Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970) ("[A] difference of opinion between a prisoner patient and prison medical authorities as to what treatment is proper and necessary does not give rise to a claim under [§ 1983].")

      Plaintiff alleges that Dr. Blaisdell sent him to the outside hospital rather than suture the cut himself at the prison, not out of medical discretion but due to past complaints of malpractice. However, there are no factual allegations which would plausibly support such a claim. Plaintiff relies on speculation, merely stating that Dr. Blaisdell acknowledged that he recognized Plaintiff as a prior patient. *See Iqbal,* 556 U.S. at 678 (stating that the "mere possibility of misconduct" falls short of the plausibility standard); *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) (noting that "mere speculation that defendants acted out of retaliation is not sufficient" to state a claim). If Plaintiff wishes to proceed with an Eighth Amendment deliberate indifference claim against either Nurse Richmond or Dr. Blaisdell, he must set forth factual allegations which plausibly suggest they knew of and disregarded an excessive risk to his health and safety, by showing they were "aware of facts from which the inference could be drawn," that he faced "a substantial risk of serious harm" by bandaging his cut and sending him to the hospital rather than providing different or faster care at the prison, and *actually* drew that inference. *Farmer*, 511 U.S. at 837; *see also Estelle*, 429 U.S. at 105–07 ("[A]n inadvertent failure to provide medical care, mere negligence or medical malpractice and differences of opinion over what medical treatment is proper, do not state an Eighth Amendment claim."); *Iqbal,* 556 U.S. at 678 (noting that a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face," and the "mere possibility of misconduct" falls short of meeting this plausibility standard).

Thus, the Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

### D.   Leave to Amend

In light of his pro se status, the Court grants Plaintiff leave to amend his Complaint to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation modified) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

## III.   Conclusion

Accordingly, good cause appearing, the Court:

1. **VACATES** the Court's August 25, 2025, judgment and **ORDERS** the Clerk of Court to reopen the case.

2. **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

3. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $2.67 initial filing fee as well as the remaining $347.33 balance of the $350 filing fee owed in this case by collecting monthly payments from the account, in an amount equal to twenty percent (20%) of the preceding month's income, and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). *The initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed.*

4. **DIRECTS** the Clerk of Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

5. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and

**GRANTS** Plaintiff leave to file an amended complaint to cure the deficiencies of pleading noted in this Order **by or on January 15, 2026**.

Plaintiff's amended complaint must be complete by itself without reference to the original pleading. Defendants not named and any claim not re-alleged in his amended complaint will be considered waived. *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

**If Plaintiff fails to file an amended complaint within the time provided, the Court will dismiss the case without prejudice based on Plaintiff's failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court Order.** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

DATED: November 21, 2025

                                    Hon. Cynthia Bashant, Chief Judge
                                    United States District Court