UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>                              Plaintiff,<br><br>        vs.<br><br>NURSE RICHMOND; DR. BLAISDELL, *et al*.,<br><br>                              Defendants. | Case No. 25-cv-1574-BAS-DDL<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2), 1915A(b)** |

On June 13, 2025, Plaintiff David D. Harris, a state inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1-2.) On July 11, 2025, the Court denied the IFP motion and dismissed this action without prejudice to Plaintiff satisfying the filing fee requirement on or before August 25, 2025. (*Id*. at 2.) On September 24, 2025, having not heard from Plaintiff, the Court entered a judgment of dismissal for failure to satisfy the filing fee requirement. (ECF Nos. 4-5.)

On October 2, 2025, Plaintiff submitted a certified copy of his inmate trust account statement, which the Court accepted. (ECF No. 6.) The Court then vacated the judgment of dismissal, reopened the case, granted Plaintiff leave to proceed IFP, and dismissed the

1

Complaint with leave to amend for failure to state a claim. (ECF No. 8.) Plaintiff has now filed a First Amended Complaint ("FAC"). (ECF No. 9.)

## I.      Screening Pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b)

### A.      Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quote marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

25cv1574

**B.      Allegations in the FAC**

Plaintiff alleges that on May 10, 2025, at 1:15 p.m., while incarcerated at the R. J. Donovan Correctional Facility ("RJD") in San Diego, California, in the Enhanced Outpatient level of care, he was suffering from auditory hallucinations which caused him to be suicidal and to cut his wrist and forearm, and he was admitted to the RJD crisis bed unit. (ECF No. 9 at 1.) He had also attempted suicide five days earlier. (*Id*.) Defendant Nurse Richmond, whose desk was located five feet away, was immediately notified but responded 25 minutes later. (*Id*.) Plaintiff was in pain and still bleeding when Nurse Richmond responded, and was given no medication "other than [at my] scheduled times" of 7:00 a.m., noon, and 7:00 p.m. (*Id*.) He alleges he lost a lot of blood, and as an anemic could have died, and that the delayed response by Nurse Richmond, during which he was in extreme pain, showed deliberate indifference to his serious medical needs in violation of the Fifth, Eighth and Fourteenth Amendments. (*Id* at 2.) He asserts that the Warden and "CEO" of RJD "are responsible for ensuring staff is properly trained in the management of" responding to medical emergencies. (*Id*.)

Plaintiff alleges that Defendant Dr. Blaisdell "was deliberately indifferent to the Plaintiff's medical needs by not physically seeing his patient," and instead "just wrote the order for me to go to the hospital" based on Nurse Richmond's assessment. (*Id*. at 3.) Plaintiff states that medical staff at RJD have "retaliated against me by tak[ing] my medication away for constantly filing complaints against staff." (*Id*. at 4.) Plaintiff requests a transfer back to the California Health Care Facility in Stockton, California, and monetary damages. (*Id*.)

**C.      Discussion**

The Eighth Amendment's prohibition on the infliction of cruel and unusual punishment creates an "obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 101-03 (1976). "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834

(1994). Second, Plaintiff must allege the prison official he seeks to hold liable had a "'sufficiently culpable state of mind' . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health and safety;" he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain." *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994).

"Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014), quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Deliberate indifference can also be shown where the chosen course of medical treatment was "medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). However, allegations of inadequate medical treatment, medical malpractice, or even gross negligence by themselves do not rise to the level of an Eighth Amendment violation. *See Farmer*, 511 U.S. at 835 ("[N]egligen(ce) in diagnosing or treating a medical condition" does not amount to deliberate indifference), quoting *Estelle*, 429 U.S. at 106 (an inadvertent failure to provide medical care, negligence or malpractice and differences of opinion over what medical treatment is proper, do not state an Eighth Amendment claim).

Plaintiff was instructed in the Court's prior dismissal Order that if he wished to proceed with an Eighth Amendment deliberate indifference claim against either Nurse Richmond or Dr. Blaisdell, he must set forth factual allegations which plausibly suggest they knew of and disregarded an excessive risk to his health and safety by showing they were "aware of facts from which the inference could be drawn" that he faced "a substantial risk of serious harm" in the manner in which they provided medical care. (ECF No. 8 at 6,

4

25cv1574

citing *Farmer*, 511 U.S. at 837.) Plaintiff has not done so. He alleges in the FAC that he was admitted to the crisis bed unit five feet from Nurse Richmond's desk, who was immediately notified of his condition, but that Nurse Richmond delayed 25 minutes before treating his injury, during which he was in pain and bleeding, which, being anemic, posed a risk. (ECF No. 9 at 1.) However, there are no allegations that his injury was not treated immediately by someone else when he was admitted to the crisis bed unit, for example, or whether he had been stabilized and was under observation by Nurse Richmond or other medical staff during the delay. Even assuming the allegation that he was bleeding and had lost a lot of blood presented a substantial risk, Plaintiff has not plausibly alleged Nurse Richmond was aware of facts from which an inference could be drawn that he faced a substantial risk of serious harm from her delay, because there are no allegations suggesting he was not being treated or observed or stabilized by medical staff during the delay.

The allegation that Dr. Blaisdell made the decision to send him to the hospital based on Nurse Richmond's assessment rather than examining Plaintiff personally, does not plausibly allege Dr. Blaisdell was aware of facts from which he could have drawn an inference that failing to examine Plaintiff in person prior to ordering him sent to a hospital presented a substantial risk to his health and, knowing of that risk, deliberately disregarded it, or constituted inadequate medical treatment or caused any harm. *See Colwell*, 763 F.3d at 1068 ("A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference."); *Toguchi*, 391 F.3d at 1058 (a disagreement over the necessity or extent of medical treatment does not show deliberate indifference); *Iqbal,* 556 U.S. at 678 (the "mere possibility of misconduct" falls short of meeting the plausibility standard).

Plaintiff alleges that medical staff at RJD have "retaliated against me by tak[ing] my medication away for constantly filing complaints against staff." (ECF No. 9 at 4.) Such a conclusory allegation fails to state a retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's

25cv1574

protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (2005). Plaintiff must allege a causal connection between the adverse action and the protected conduct. *Watison*, 668 F.3d at 1114. Plaintiff's allegations of retaliation are entirely conclusory, as there are no *factual* allegations plausibly indicating that any person took any action because of his protected conduct. *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (concluding that, in the absence of factual allegations to the contrary, it would be "sheer speculation" to assume that prison officials retaliated on the basis of an inmate's First Amendment activity).

Finally, Plaintiff alleges that the Warden and "CEO" of RJD "are responsible for ensuring staff is properly trained in the management of" responding to medical emergencies. (ECF No. 9 at 2.) "A supervisory official is liable under § 1983 so long as there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (internal quotation marks omitted). A supervisor may "be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018), quoting *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011). In addition to the discussion above regarding Plaintiff's failure to plausibly allege that a constitutional violation arose from the manner in which any Defendant responded to his medical emergency, the conclusory assertion that these Defendants are responsible for ensuring staff is properly trained in handling medical emergencies is insufficient to state a claim. *Id.*; *see also Iqbal,* 556 U.S. at 678 ("[C]onclusory statements, do not suffice [to state a § 1983 claim].").

The FAC is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. In light of his pro se

25cv1574

status, the Court grants Plaintiff a final opportunity to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

## II.     Conclusion and Order

The Court **DISMISSES** Plaintiff's First Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted, **due on or before April 17, 2026**. Plaintiff's Second Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to timely file a Second Amended Complaint, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

**DATED: March 3, 2026**

 Hon. Cynthia Bashant, Chief Judge
 United States District Court

25cv1574