UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>                         Plaintiff,<br><br>        v.<br><br>NURSE RICHMOND, *et al.*,<br><br>                   Defendants. | Case No. 25-cv-1574-BAS-DDL<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b) WITHOUT LEAVE TO AMEND** |

Plaintiff David D. Harris is a state inmate proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. On November 21, 2025, the Court granted Plaintiff leave to proceed *in forma pauperis* and dismissed the Complaint with leave to amend for failure to state a claim. (ECF No. 8.) Plaintiff was notified of the pleading deficiencies and subsequently filed a First Amended Complaint which the Court also found failed to state a claim. (ECF Nos. 9, 10.) Plaintiff was granted another opportunity to amend and has now filed a Second Amended Complaint ("SAC"). (ECF No. 11.)

**I.      Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

      **A.      Standard of Review**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, his SAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua*

*sponte* dismiss a prisoner's *in forma pauperis* complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.    Allegations in the SAC

Plaintiff alleges in the SAC, as he did in the two prior versions of his complaint, that on May 10, 2025, at 1:15 p.m., while incarcerated at the R. J. Donovan Correctional Facility ("RJD") in San Diego, California, in the Enhanced Outpatient level of care, he was suffering from auditory hallucinations which caused him to be suicidal and to cut his wrist

25cv1574

and forearm; he was admitted to the RJD crisis bed unit. (ECF No. 11 at 1-2.) He had also attempted suicide by cutting the same wrist and forearm on May 5 and May 7; Plaintiff states that he has made 90 suicide attempts since 2018. (*Id*. at 2-4; ECF No. 11-1 at 1-5.) Plaintiff alleges that Defendant Nurse Richmond was immediately notified by the duty psych tech that he had cut himself and was in pain, and she notified a doctor 8 minutes later. (ECF No. 11 at 2-3.) Plaintiff was in pain and still bleeding when Nurse Richmond arrived to treat him 20 minutes after he injured himself. (*Id*.)

Nurse Richmond attempted to dress Plaintiff's wound but was unable to do so, and the wound would not stop bleeding. (*Id*. at 3.) Plaintiff states that he is anemic and was losing blood at an alarming rate. (*Id*.) He was sent to an outside hospital where he was given blood and pain medication, and his wound was sutured and the bleeding stopped. (*Id*.) "Plaintiff maintains that he could have been sutured here by Dr. Blaisdell instead of risking [his] life, considering how bad it was bleeding, R.N. Richmond and Dr. Blaisdell knew how much pain I was in and how bad I was bleeding." (*Id*.)

Plaintiff claims that because Nurse Richmond called Defendant Dr. Blaisdell before she examined him, based merely on what she was told by the duty psych tech, that she must have been told the injury was serious, "because they do not call the doctor for nothing." (*Id*. at 4.) He contends Nurse Richmond gave Dr. Blaisdell a "blind assessment," upon which Dr. Blaisdell relied in ordering Plaintiff taken to an outside hospital, and was not given any pain medication until he was at the hospital. (*Id*. at 4.) Plaintiff was not taken to an outside hospital on the prior two occasions he cut himself, with response times of 2 minutes and 8 minutes, and therefore claims the delay in treatment on this occasion, 20 minutes for Nurse Richmond to respond and another 30 minutes to be taken to the hospital, evinced a deliberate indifference to a serious medical need in violation of the Eighth Amendment. (*Id*. at 4-6.)

**C.    Discussion**

The Eighth Amendment's prohibition on the infliction of cruel and unusual punishment creates an "obligation to provide medical care for those whom it is punishing

by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 101–03 (1976). "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, Plaintiff must allege the prison official he seeks to hold liable had a "'sufficiently culpable state of mind' . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health and safety"; he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain." *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994).

"Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). Deliberate indifference can also be shown where the chosen course of medical treatment was "medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). However, allegations of inadequate medical treatment, medical malpractice, or even gross negligence by themselves do not rise to the level of an Eighth Amendment violation. *See Farmer*, 511 U.S. at 835 ("[N]egligen[ce] in diagnosing or treating a medical condition" does not amount to deliberate indifference. (*quoting Estelle*, 429 U.S. at 106)).

Plaintiff was instructed in both of the Court's prior dismissal Orders that if he wished to proceed with an Eighth Amendment deliberate indifference claim against either Nurse Richmond or Dr. Blaisdell, he must set forth factual allegations which plausibly suggest they knew of and disregarded an excessive risk to his health and safety by showing they were "aware of facts from which the inference could be drawn" that he faced "a substantial

25cv1574

risk of serious harm" in the manner in which they provided medical care. (ECF No. 8 at 6; ECF No. 10 at 3-4.) Plaintiff has once again failed to do so.

Plaintiff alleges that Nurse Richmond was immediately notified of his condition by the duty psych tech, and, based on what she was told, notified a doctor 8 minutes later. (ECF No. 11 at 2-4.) He alleges she did not attempt to dress his wound until 20 minutes after he injured himself, and that he was in pain and bleeding while waiting, which, being anemic, posed a risk. (*Id*.) However, there are once again no allegations that Nurse Richmond was aware of facts from which an inference could be drawn that he faced a substantial risk of serious harm from the 20-minute delay in attempting and failing to dress his wound. Rather, she notified a doctor several minutes after Plaintiff injured himself based on the report of the psych tech on duty, and the doctor determined that Plaintiff needed to be treated at an outside hospital, a decision which, even if it was made without first examining Plaintiff, turned out to be necessary because Nurse Richmond was unable to stop the bleeding and dress the wound.

There are once again no allegations suggesting Plaintiff was not monitored or stabilized by medical staff during the delay. Nor are there any allegations that the 20-minute delay caused any injury. Although Plaintiff claims his wounds were treated at the prison after his two most recent suicide attempts, there are no allegations that the injuries he sustained in this attempt were the same. In fact, he indicates that the wounds from those attempts were in the same area as his most recent wounds, potentially complicating the ability to suture the new wounds at the prison. (*See* ECF No. 1-1 at 1-3.)

The allegation that Dr. Blaisdell made the decision to send him to the hospital based on Nurse Richmond's "blind assessment," which was based on what she was told by the duty psych tech, rather than examining Plaintiff personally, does not plausibly allege Dr. Blaisdell was aware of facts from which he could have drawn an inference that failing to examine Plaintiff in person prior to ordering him sent to a hospital deliberately disregarded a substantial risk to his health, constituted inadequate medical treatment, or caused any harm. *See Colwell*, 763 F.3d at 1068 ("A difference of opinion between a physician and

25cv1574

the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference."); *Toguchi*, 391 F.3d at 1058 (discussing that a disagreement over the necessity or extent of medical treatment does not show deliberate indifference). To the extent Plaintiff claims that Dr. Blaisdell should have sutured his wounds at the hospital once Nurse Richmond was unable to do so, he does not plausibly allege Dr. Blaisdell would have been successful where Nurse Richmond failed. *Iqbal,* 556 U.S. at 678 (stating that the "mere possibility of misconduct" falls short of meeting the plausibility standard). Plaintiff once again fails to plausibly allege he was injured by the delay in Nurse Richmond attempting and failing to suture his wound or the delay in being treated at the outside hospital rather than at the prison.

The SAC is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. Because it is now clear Plaintiff is unable to state a 42 U.S.C. § 1983 claim upon which relief may be granted, the dismissal is without further leave to amend. *See Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend).

## II.    Conclusion and Order

The Court **DISMISSES with prejudice** Plaintiff's Second Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: May 6, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

25cv1574